In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-423 CV


____________________



IN RE ROSE MAYS






Original Proceeding






MEMORANDUM OPINION



 The trial court found relator, Rose Mays, in contempt of court and committed her
"to the Jasper County Jail until such time as she deposits the sum of $24,150.32" into the
registry of the court. The contempt order finds she is able to deposit the funds. In this
habeas corpus proceeding, relator argues the contempt order is void. 

 The underlying case is the guardianship of Jimmy Mays. Jimmy Mays' daughter,
Jemece Mays Richard, was appointed his guardian. As guardian, Richard attempted to
recover Mays' property. See Tex. Prob. Code Ann. §§ 768, 877 (Vernon 2003 &
Vernon Supp. 2004). (1)

 Relator, who divorced Jimmy in 2001 and remarried him in April 2004, received
in the mail a check for $24,150.32, payable to Jimmy Mays. The trial court instructed
relator to pay the money into the registry of the court. Relator stated she deposited the
check into a credit union account, withdrew the entire amount in cash, and gave the money
to Ben "Benji" Johnson for safekeeping. Johnson testified he placed the money under a
pine tree where he could watch it from his porch. When relator returned for the money,
Johnson went to the tree and discovered the money was gone. After hearing this
explanation, the trial court ordered Johnson and relator to pay the money into the registry
of the court by 9:30 the next morning. When they failed to do so, he found them in
contempt of court and put them in jail. (2) 

 Relator argues her right to due process was violated because she was not given
proper notice of the contempt, and did not have an opportunity to defend herself at a
contempt hearing. Relator also says the court signed its order finding her in contempt of
court without holding a contempt hearing.

 A party charged with contempt is entitled to due process. In re Houston, 92 S.W.3d
870, 876 (Tex. App.--Houston [14th Dist.] 2002, orig. proceeding) (citing Ex parte
Johnson, 654 S.W.2d 415, 420-21 (Tex. 1983)). 

 Among these procedural due process rights is the right to reasonable notice
of each alleged contumacious act. The due process requirement is one of
'full and complete notification' of the charges alleged with a reasonable
opportunity to meet the charges by defense or explanation. 

 

In re Houston, 92 S.W.3d at 876 (quoting Ex parte Gordon, 584 S.W.2d 686, 688 (Tex.
1979)). If proper notice is not provided, a contempt order is a nullity. In re Acceptance
Ins. Co., 33 S.W.3d 443, 448-49 (Tex. App.--Fort Worth 2000, orig. proceeding). 

 The hearing from which the contempt order arose was to resolve a motion to show
cause and to convert the temporary guardianship of Jimmy Mays into a permanent one. 
At the conclusion of the testimony, the following exchange occurred between Richard's
counsel, relator's counsel, and the trial court:

 [Richard's Counsel]: We would like to ask that [relator] be found incontempt of court, put in jail, and ask that the
property be returned to the temporary guardian.


 * * *

 [The Court]: Are there pleadings on file that I can find her in
contempt?


 [Relator's Counsel]: I didn't see it in the file.


 [Richard's Counsel]: I don't believe that I have asked for a finding of
contempt because there was not a prior written
order.


 [Richard's Counsel]: No sir, Your Honor.


 [Richard's Counsel]: It was ordered that she bring the money to the
registry of the court, orally.


 [The Court]: I just orally asked her to do that. I believe she's
admitted that. Okay. I'm going to find that . .
. the money, the $24,150 should be deposited in
the registry of the district court of Jasper
County, Texas. I'm going to order that done by
9:30 in the morning. If the money is not
deposited in the registry of the district court of
Jasper County, Texas, I find not only Mrs.
Mays, but Mr. Johnson, Rev. Johnson in
contempt of this court.


 * * *

 [Relator's Counsel]: Your Honor, we understand the position of the
Court; however, we've not had proper notice of
this hearing.


 [The Court]: She keeps saying you have. I'll set the hearing
later. Do we understand what's going to happen
in the morning at 9:30?


 * * *

 [The Court]: Mrs. Mays, do you understand that you can be
in contempt of court; and if you are in contempt
of court, it's very possible you can go to jail
until you purge yourself of that contempt. . . .

 * * *

 [The Court]: I'll see you in the morning at 9:30, and one of
you better have that money.

 * * *

 [The Court]: Deposit to the registry of the District Clerk of
Jasper County, Texas and if it's not, I want a
written order. I'm going to sign that order
today. But I'm giving you notice, Mrs. Mays;
and I talked to the preacher out there, Brother
Johnson. He knows to have it here at 9:30 in the
morning. And he knows what's going to happen
in the event it's not here.


 * * *

 [Relator's Counsel]: Your Honor, one last question. If the money--
if I don't have knowledge that the money is in
the possession of Mrs. Mays, are you saying I'm
going to have to be here in the morning also?


 [The Court]: You don't have to be here.


 * * *

 [The Court]: But--wait a minute, wait a minute because I
don't know that I can find her in contempt and
deprive her of her liberty without a lawyer. So,
you're either going to have to be here or appear
by phone. How about that?


 [Relator's Counsel]: Yes, sir.


 [The Court]: Would you appear by phone?


 [Relator's Counsel]: I'll appear by phone, Judge.


 This is a constructive contempt proceeding, and is remedial and coercive in nature. 
A dispute exists concerning the acts of contempt. Reasonable notice and an opportunity
to be heard are required. See Ex parte Gordon, 584 S.W.2d 686, 688 (Tex. 1979). 
Reasonable notice would provide relator an opportunity to have her attorney present in
court, rather than simply by phone, and an opportunity to prepare and present her defense. 
The notice provided to relator, which the record reflects was less than twenty-four hours,
was not sufficient under the circumstances. Absent proper notice, the contempt order is
a nullity. See In re Acceptance Ins. Co., 33 S.W.3d at 448-49. 

 Relator's first issue is sustained. We grant the petition for writ of habeas corpus,
and order relator, Rose Mays, released from confinement and from the bond previously
ordered. 

 WRIT GRANTED. 

 __________________________________

 DAVID GAULTNEY

 Justice 


Submitted on November 23, 2004

Opinion Delivered December 16, 2004


Before McKeithen, C.J., Burgess, and Gaultney, JJ. 
1. Relator states in her petition for writ of habeas corpus and affidavit of indigence
that Jimmy Mays is deceased. The trial court should consider the effect of the ward's
death on this proceeding. See Tex. Prob. Code § 745(a)(2) (Vernon Supp. 2004).
2. Ben "Benji" Johnson also filed a petition for writ of habeas corpus. See In re 
Johnson, 2004 WL 2247996, ____ S.W.3d ___ (Tex. App.--Beaumont 2004, orig.
proceeding).